IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAUL ALEXANDER TIMONIN & ALEXANDER PHILLIP TIMONIN,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CONSTABLE WRIGHT; CONSTABLE HUYNH; CONSTABLE ARMSTRONG-WOODLAND; SR. CONTABLE LYMBEROPOULOS; SR. SERGEANT TIMOTHY KING,<br><br>　　　　　Defendants.<br>_____ | Civil No. 23-00197 LEK-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND DISMISS CASE FOR LACK OF PERSONAL JURISDICTION |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND
<u>DISMISS CASE FOR LACK OF PERSONAL JURISDICTION</u>

On July 7, 2023, Plaintiffs Alexander Philip Timonin and Paul Alexander Timonin (collectively, "Plaintiffs") filed a Request for Clerk's Certificate of Entry of Default.  ECF No. 18.  On July 11, 2023, the Clerk's Office submitted Entries of Default against Constable Wright, Constable Huynh, Constable Armstrong-Woodland, Sr. Constable Lymberopoulos, and Sr. Sergeant Timothy King (collectively, "Defendants").  On July 28, 2023, Plaintiffs filed a motion requesting Default Judgment against Defendants ("Motion").  ECF No. 31.

1

After careful consideration of the Motion and applicable law, the Court FINDS AND RECOMMENDS that the district court DENY the Motion and DISMISS this case without prejudice for lack of personal jurisdiction over Defendants.

DISCUSSION

Before considering the merits of a request for default judgment, "the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over [the defendant]." *Greys Ave. Partners, LLC v. Theyers*, CIVIL NO. 19-00079 JAO-KJM, 2021 WL 3560232, at * 2 (D. Haw. Jul. 22, 2021) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.")). When personal jurisdiction is lacking on a request for default judgment, the court may *sua sponte* dismiss the case. *Spagnolo v. Nadic Network Certified Dentists*, Civil No. 11-00340 JMS/RLP, 2011 WL 6011803, at *3 (D. Haw. Dec. 1, 2011).

"[P]ersonal jurisdiction over a[n out-of-state] defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Hueter v. Haaland*, CIV. NO. 21-00344 JMS-KJM, 2022 WL 1173545, at * 2 (D. Haw. Apr. 20, 2022) (citing *Pebble Beach Co. v.*

*Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)).  The long-arm prong of this inquiry is governed by Federal Rule of Civil Procedure 4(k)(1)(A), "which provides that a federal district court may exercise personal jurisdiction if the defendant is 'subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located'; that is, if the defendant is subject to personal jurisdiction under the forum state's long-arm statute." *Id.*  The personal jurisdiction analysis, therefore, collapses into a single due process inquiry.  *Id.*

    "Due process requires that a non-resident defendant ha[ve] 'certain minimum contacts' with the forum [state] 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Id.* (citing *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020)) (citations omitted).  "In the absence of such contacts, a court may exercise specific personal jurisdiction when a case 'arises out of or relates to the defendant's contacts with the forum.'"  *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 133 n. 11 (2014)).  "Whether specific jurisdiction is proper 'depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

Here, Plaintiffs' Complaint does not articulate any nexus among Plaintiffs' claims, the Defendants, and Hawaii that would suggest this Court's exercise of personal jurisdiction over Defendants would comport with due process. Plaintiffs allege that all Defendants live in and are citizens of southern Australia. ECF No. 1 at 2. Plaintiffs have not alleged that Defendants have minimum contacts with Hawaii or that Defendants have directed any activity toward Hawaii. Furthermore, Plaintiffs' claims arise entirely out of conduct that allegedly occurred in southern Australia: namely that Defendants participated in Plaintiffs' unlawful arrest and imprisonment at Port Adelaide, Australia. *Id.* at 6. The Court thus finds that it lacks personal jurisdiction over Defendants pursuant to Rule 4(k)(1) and need not further analyze the factors outlined by the Ninth Circuit in *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986) on a request for default judgment. Accordingly, the Court denies the Motion, and given the lack of personal jurisdiction over Defendants, recommends the district court dismiss the case without prejudice.

\\

\\

\\

\\

\\

CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court DENY Plaintiffs' Motion for Default Judgment against Defendants (ECF No. 31) and DISMISS this case without prejudice for lack of personal jurisdiction over Defendants.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, August 28, 2023.



Kenneth J. Mansfield
United States Magistrate Judge

*Timonin v. Wright, et al.*, Civil No. 23-00197 LEK-KJM; Findings and Recommendation to Deny Plaintiffs' Motion for Default Judgment